RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 6-9-08

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **ROBERT MORING AND LISA MORING** | **CIVIL DOCKET NO. 05-678** |
| **VERSUS** | **JUDGE HAIK** |
| **THE PATIO CENTER, INC.** | **MAGISTRATE C. MICHAEL HILL** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REASONS FOR JUDGMENT

**A.  Facts**

Plaintiffs' claim was dismissed by Judgment (Doc. 37) entered on January 11, 2008, due to their failure to appear on the scheduled trial date, January 7, 2008. The Judgment also awarded attorney's fees and costs to Defendant. Plaintiffs' filed the instant Motion to Reopen Case and Vacate and Set Aside the Judgment, based on mistake, lack of notice as to Lisa Moring, inadvertence, and excusable neglect under Rule 55(b) & (c) and 60(b) of the Federal Rules of Civil Procedure.

**B.  Plaintiffs' Contentions**

Plaintiffs contend that they were unable to secure new counsel after their Attorney, Reva Lupin, withdrew from the case on May 17, 2007. Plaintiffs also contend that after they filed for divorce on September 25, 2007, Ms. Moring moved out of the family home and received no further notices from the Court. Therefore, Plaintiff, Lisa Moring, prays that the Judgment be set aside based on lack of notice and the failure of counsel for the defense to communicate with her prior to the trial as required by the Court's Pre-trial Order.

Plaintiff, Robert Moring, contends that he had considered the claim abandoned after speaking to someone from Michael Hebert's office in late November, 2007. Mr. Moring further contends that during the first week of January 2008, he received a copy of the Court's Order entered on January 2, 2008, ordering that the "Trial by Jury is hereby stricken" (Doc. 35). Based on that Order, Mr. Moring argues that he erroneously concluded that the matter had been dismissed.

Based on the facts above, Plaintiffs' allege that they meet the "good cause" test of Rule 55(c) of the Federal Rules of Civil Procedure and satisfy the reasons under Rule 60(b) of the Federal Rules of Civil Procedure for vacating a judgment.

## C. Defendant's Contentions

Defendant contends that Plaintiffs were originally represented by counsel in this matter, but they were unrepresented since May 17, 2007, when their prior counsel, Reva Lupin, formally withdrew from the case. Defendant urges that this withdrawal occurred after three prior continuances of the trial of this matter, all of which were completely without opposition from Defendant. Defendant insists that Ms. Lupin included the last known address of Plaintiffs in her Motion to Withdraw.

Plaintiffs characterize the court's ruling on January 2, 2008 (Doc. 35) and subsequent Judgment (Doc. 37) as a "default judgment." Defendant contends that it is not a default judgment, but rather it is a judgment of involuntary dismissal under Federal Rules of Civil Procedure Rule 41(b) for failure of Plaintiffs to appear at trial.

Defendant takes issue with Plaintiffs' characterization of the interaction between Robert Moring and the office of Defendant's counsel. Contrary to Robert Moring's assertion in his affidavit, Defendant argues that Mr. Moring never stated in any way that he considered his claim

to be "abandoned." Defendant alleges that Mr. Moring merely stated that he was not going to participate in the preparation of the Pretrial Order because he was searching for counsel. (Affidavit; Def. Ex. 4).

Defendant further argues that the marital separation of Lisa and Robert Moring, and the alleged resultant lack of knowledge of Lisa Moring about subsequent proceedings in this case, is likewise unavailing. Defendant contends that if Lisa Moring desired to continue to receive notices in this matter, she needed only advise the Clerk of Court of her new address. Defendant contends that in the absence of any such notification, notices and pleadings continued to be sent to Lisa Moring's last known address as reflected in the records of the Clerk of this Court, as both the Clerk and Defendants were required to do.

Defendant insists that this is not a case involving Plaintiffs' inability to understand some subtle legal concept; it is merely a case of Plaintiffs' failure to prosecute their case and a failure to show up for trial. Therefore, Defendants contend that there is no basis for relief from the judgment of the court, and Plaintiffs' Motion should be denied at their cost.

**D.      Analysis**

The applicable statutes in this case are:

*Federal Rules of Civil Procedure Rule 60(b)(1)*, which states in part:
**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    **(1)** mistake, inadvertence, surprise, or excusable neglect;

*Federal Rules of Civil Procedure Rule 41(b)*, which states:
**(b) Involuntary Dismissal; Effect:** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper

venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

In this instant case, the Judgment (Doc. 37) that was signed on January 11, 2008 operated as a Judgment of Involuntary Dismissal under the *Federal Rules of Civil Procedure 41(b)*, for failure of Plaintiffs to appear at trial. The Judgement is not, as Plaintiffs contend, a Default Judgment under *Federal Rules of Civil Procedure 55*.

The evidence shows that Plaintiffs' former attorney, Ms. Lupin included the last known address of Plaintiffs in her Motion to Withdraw. Since the granting of Ms. Lupin's withdrawal, Defendants' counsel has transmitted the following documents to Plaintiffs' last known address, any and/or all of which should have apprised Plaintiffs of the current status and posture of this matter: (1) Letter to Judge Richard T. Haik dated December 5, 2007 (Def. Exhibit "1"); (2) Pre-Trial Order (Document No. 34); (3) Letter to Judge Haik dated December 31, 2007 (Def. Exhibit "2"), and; (4) Federal Express Airbill and Tracking Information for delivery of Bench Book to Robert and Lisa Moring (Def. Exhibit "3"). Based on the aforementioned documents, Plaintiffs clearly had notice that this case was proceeding on without them. Furthermore, as pro se litigants, Plaintiffs were not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981).

Therefore, the Judgment will not be set aside for "good cause" under Rule 55(c) since it was a Judgment of Involuntary Dismissal. Furthermore, the judgment will not be set aside because Plaintiffs have not proved that they are entitled to relief as a result of "mistake, inadvertence, surprise, or excusable neglect" under Federal Rules of Civil Procedure 60(b)(1).

**E.   Conclusion**

For the reasons set forth above, it is hereby Ordered, Adjudged and Decreed that

Defendant's Motion to Reopen Case and Vacate and Set Aside the Judgment, based on mistake, lack of notice as to Lisa Moring, inadvertence, and excusable neglect under Rule 55(b) & (c) and 60(b) of the Federal Rules of Civil Procedure (Doc. 41) is hereby **DENIED**.

THUS DONE AND SIGNED in Lafayette, Louisiana, on this the ___6th___ day of ___June___, 2008.

CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA